FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 NOV 27  PM 2:01

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH J. LOWENTHAL, JR. <br> DIANNE W. LOWENTHAL | CIVIL ACTION NO. <br> 06-6797 |
| VERSUS | |
| STATE FARM FIRE AND CASUALTY COMPANY | SECTION M |

### ORDER

Before the Court is Plaintiffs' Motion to Remand, which is opposed and which came for hearing on November 8, 2006, on the briefs. After consideration of the motion, the opposition, and the applicable law, the Court grants the motion.

**FACTS:**

The Lowenthal's home at 111 Duplessis Street in Jefferson Parish, Louisiana, allegedly suffered wind damage during Hurricane Katrina. The Lowenthals have a flood policy and a homeowner's policy issued by State Farm Fire and Casualty Company (State Farm). They made no claim against their flood policy, nor have they ever alleged that any of their damages resulted from levee breach or flooding. They filed suit against State Farm in the 24th Judicial District Court seeking damages and statutory penalties for claims under their Homeowner's policy. State Farm removed the state court action to this Court alleging multiple bases for jurisdiction.



In October, the Lowenthals stipulated that the amount in controversy does not exceed $75,000, and requested State Farm to voluntarily remand the case. State Farm alleges that from the plaintiffs' petition, it is "facially apparent" that the amount in controversy "likely exceeds $75,000, plaintiffs' allegation to the contrary notwithstanding." State Farm further contends that there is subject matter jurisdiction in this Court under the Multiparty, Multiforum Trial and Jurisdiction Act of 2002 and/or 28 U.S.C. §1441 (e)(1) because State Farm is a party of several cases that were brought or could have been brought directly into federal court under 28 U.S.C. §1369(A).

**ANALYSIS:**

The Lowenthals' alleged loss from hurricane related winds, a covered peril under their homeowner's policy, as well as their stipulation that the amount in controversy is not more than $75,000 requires this Court to remand the case pursuant to 28 U.S.C. §1447(c). Removal statutes are strictly construed in favor of remand. <u>Manguno v. Prudential Property and Cas. Ins. Co.</u> 276 F3d 720, 723 (5th Cir. 2002).

Accordingly, the Motion is **GRANTED**; the matter is remanded to the 24th Judicial District.

New Orleans, Louisiana, this 27th day of November, 2006.

Peter Beer
United States District Judge